UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS FRANCIS SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>Defendants. | Case No. 18-cv-06747-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 1 |

Lewis Francis Smith, a pretrial detainee[1] at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

Mr. Smith alleges in his complaint that his defense attorney has provided ineffective assistance by failing to move to dismiss charges against him and that the prosecution is precluded from refiling a petition to remand him into custody. He also alleges that the statute of limitations for some crime has expired. Docket No. 1 at 3. The defendants are the San Francisco District Attorney's Office, the San Francisco District Attorney, and Mr. Smith's public defender. *Id.* at 2. For relief, Mr. Smith requests that the charges against him be dismissed and that he be released from custody immediately. *Id.* at 3.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

---

[1] The San Francisco County Sheriff's inmate-locator website provides the following information: Mr. Smith was first booked on February 27, 2017, and is scheduled for his next court hearing on May 8, 2019. The charges pending against him are for assault, domestic violence, and making criminal threats. *See* http://apps.sfgov.org/InmateInfo/ (last visited Mar. 12, 2019).

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint, liberally construed, challenges the lawfulness of the criminal proceedings pending against Mr. Smith. The § 1983 complaint cannot proceed because the claims must be made in a petition for writ of habeas corpus. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

This court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Application of Floyd*, 413 F. Supp. 574, 576 (D. Nev. 1976). Such a person is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3) rather than § 2254. *McNeely,* 336 F.3d at 824 n.1. Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *see also United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies).

Therefore, this action for relief under 42 U.S.C. § 1983 is dismissed. The dismissal is

without prejudice to Mr. Smith filing a petition for writ of habeas corpus after he exhausts state remedies if he is ever convicted or after he exhausts state court remedies if he can demonstrate special circumstances warranting federal intervention prior to a state criminal trial.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 14, 2019

_____
EDWARD M. CHEN
United States District Judge